IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELINDA LAMBERSON REYNOLDS, Plaintiff | No. 3:09cv1492 |
| | (Judge Munley) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF STATE, PENNSYLVANIA BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, PENNSYLVANIA DIVISION OF PROFESSIONAL HEALTH MONITORING PROGRAMS, and PENNSYLVANIA STATE BOARD OF NURSING, Defendants | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this ____ day of August 2010, the defendants' motion for reconsideration of the court's order denying defendants' motion to dismiss, or in the alternative to certify an interlocutory appeal (Doc. 37) is hereby **DENIED**.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three

grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993). Such motions also may not be used to give a dissatisfied party a chance to "[change] theories and try again," obtaining a "'second bite at the apple.'" Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact that Ogden is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to grant her relief.").

Defendants argue that the court committed clear error of law in refusing to abstain from hearing the case, which involves an allegedly unwritten policy that prevents plaintiff from regaining her nursing license without foregoing methadone maintenance for her opiate addiction. The issue briefed by the defendants here was whether the court should decline to hear this action because plaintiff had an opportunity to raise her claim in an administrative hearing and did not do so, and then failed to appeal. Plaintiff participated in a hearing before the Defendant Nursing Board, which had suspended her license after she tested positive for an opiate. Defendants insist that the court should abstain from hearing the case. The court's

2

opinion rejected this argument, largely on the basis that there were no ongoing or pending state proceedings with which the court could interfere, but also because the plaintiff's allegation was that the policy was unwritten and implemented in a way that prevented her from challenging it.

Defendants' arguments are not proper for a motion for reconsideration. They repeat arguments made previously, offering new (but not newly decided) caselaw. Defendants are simply attempting to take another bite at the apple. The court will not reverse its decision on these grounds. Moreover, the court concluded that plaintiff did not have a remedy in state court, and thus cannot be faulted for not appealing the Board's decision. Plaintiff's complaint is not about the decision the Nursing Board made, but about an unstated policy that allegedly altered and limited that decision. Plaintiff alleges that the decision allowed her to retain her nursing license if she agreed to enter a rehabilitation program, and nothing in the decision forbade use of a program that offered methadone maintenance. Plaintiff thus had nothing to appeal in the Board's decision. The workings of an unwritten policy that would not permit plaintiff to attend a clinic that employed methadone maintenance caused plaintiff's alleged injury. There is thus no reason for this court to abstain from hearing the case, as plaintiff had no reason to raise the issues she raises here in appealing the Board's decision. The reasoning utilized by the Court of Appeals in determining that Younger abstention applies to an unappealed state agency decision, that "[w]e have been given no reason why a litigant in a state administrative

proceeding should be permitted to forego stat-court judicial review of the agency's decision in order to apply for relief in federal court," thus does not apply here. O'Neil v. City of Philadelphia, 32 F.3d 785, 790-91 (3d Cir. 1994). Plaintiff could not appeal an agency action and policy that was not stated in the agency decision.

The court also declines to certify an interlocutory appeal on this matter. Federal law provides that the district court may certify an interlocutory appeal of an order, but that "order must (1) involve a "controlling question of law," (2) offer 'substantial ground for a difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" Katz v. Carte Blance Corp., 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)). The court finds that none of these conditions apply here.

BY THE COURT:

JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT

4