IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEVERLY LAMBERSON, as Administratrix, of the Estate of Melinda Lamberson Reynolds, Deceased,** | : : : : | No. 3:09cv1492 |
| | : | (Judge Munley) |
| **Plaintiff** | : : : | |
| v. | : : | |
| **COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF STATE, PENNSYLVANIA BUREAU OF PROFESSIONAL & OCCUPATIONAL AFFAIRS, PENNSYLVANIA DIVISION OF PROFESSIONAL HEALTH MONITORING PROGRAMS, PENNSYLVANIA STATE BOARD OF NURSING, BASIL L. MERENDA, LINDA TANZINI AMBROSO, K. STEPHEN ANDERSON, CHRISTOPHER BARTLETT, RAFAELA COLON, KATHLEEN M. DWYER, JUDY A. HALE, SUZANNE M. HENDRICKS, JOSEPH J. NAPOLITANO, ANN L. O'SULLIVAN, JANET H. SHIELDS and JOANNE L. SORENSEN,** | : : : : : : : : : : : : : : : : : : : : : : | |
| **Defendants** | : | |

## **MEMORANDUM**

Before the court are defendants' motions to strike (Docs. 112, 114). Defendants filed these motions after the parties completed briefing the cross-motions for summary judgment. (Docs. 84, 85). In their first motion to strike, defendants contend that the court should strike plaintiff's

Appendix Tabs O, P and Q. In their second motion to strike, defendants aver that certain statements contained in Dr. William Santoro and Mr. Glen Cooper's declarations should be stricken. Plaintiff disputes defendants' motions in their entirety. For the following reasons, defendants' motions to strike will be granted in part and denied in part.

It is well established that either party may challenge the admissibility of evidence used to support a motion for summary judgment.[1] See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Federal Rules of Civil Procedure provide, in part, that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). Thus, when the admissibility of evidence is challenged, the party relying on the evidence must demonstrate that such evidence is capable of admission at trial

---

[1] Defendants elected to challenge plaintiff's exhibits by filing separate motions to strike. Neither the Federal nor the Local Rules of Civil Procedure expressly allow for motions to strike exhibits to a summary judgment motion, and other district courts have denied such motions on the basis that arguments contesting the validity of exhibits are best left for the briefs on the merits. See, e.g., Carlson Mktg. Grp., Inc. v. Royal Indem. Co., No. 04-CV-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) ("[T]here is no such thing as a 'motion to strike'-at least when the paper being targeted is a memorandum or affidavit submitted in connection with a motion for summary judgment."). The court will nonetheless consider defendants' motions to strike as these motions appear to be filed in good faith and do not seem to be a ploy to circumvent this court's page limitations for briefs.

before it can be considered by the court on summary judgment.[2] Given this standard, the court will assess defendants' motions to strike *in seriatim*.

**A. Tabs O, P, Q**

Defendants contend that the court should strike plaintiff's Appendix Tabs O, P and Q. Appendix Tab O supplemented plaintiff's reply brief in support of her motion for summary judgment, and this exhibit tab contains two documents: a letter to Reynolds from Harris dated November 30, 2007 and an email exchange between Knipe and Thomas Blackburn on September 17, 2007.[3] (See Doc. 99-1, App. Tab O to Pl.'s Reply Br.). Appendix Tab P supplemented plaintiff's sur-reply brief in opposition to

---

[2] The court notes that evidence submitted in connection with a summary judgment motion may be considered in a form that is inadmissible at trial, but that this evidence must be capable of admission at trial. See FED. R. CIV. P. 56(c)(2). "Accordingly, the party offering the evidence must demonstrate that it could satisfy the applicable admissibility requirements at trial before the evidence may be used on summary judgment." Knopick v. Downey, No. 1:09-CV-1287, 2013 WL 1882983, at *4 (M.D. Pa. May 6, 2013) (citing Robinson v. Hartzell Propeller, Inc., 326 F. Supp. 2d 631, 643 (E.D. Pa. 2004)).

[3] Although defendants initially asserted that the court should strike Appendix Tab O in its entirety, (Doc. 112, Defs.' Mot. to Strike Pl.'s App. Tabs O, P, and Q), defendants have subsequently withdrawn their request to strike Harris' November 30, 2007 letter, (Doc. 120, Defs.' Reply Br. in Supp. of their Mot. to Strike Pl.'s App. Tabs O, P, and Q at 2 n.1). Accordingly, with respect to Appendix Tab O, the court will focus on the September 17, 2007 email exchange.

3

defendants' motion for summary judgment and consists of plaintiff's answers to defendants' interrogatories. (Doc. 105-3, App. Tab P to Pl.'s Surreply Br.). Appendix Tab Q also supplements plaintiff's sur-reply brief, and consists of an email from defense counsel to plaintiff's counsel on January 8, 2012. (Doc. 105-4, App. Tab Q to Pl.'s Surreply Br.).

Defendants argue that these exhibits should be stricken because their filing is not provided for in the Local Rules of Civil Procedure for the United States District Court for the Middle District of Pennsylvania.[4] Specifically, defendants take issue with the fact that these exhibits were filed with plaintiff's reply and sur-reply briefs. Defendants claim they have

---

[4] The relevant provisions of the local rules provide as follows:

When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents must be filed simultaneously with the motion and shall comply with Local Rule 5.1 (f).
          *          *          *
For local rule regarding the filing of a motion for summary judgment, see LR 56.1. Briefing schedules under Local Rules 7.5, 7.6 and 7.7 are applicable to any brief filed in connection with a motion for summary judgment.

M.D. Pa. L.R. 7.3, 7.4. Local Rule 7.6 allows for a party opposing a motion for summary judgment to file "transcripts, affidavits or other relevant documentation" in support of their brief in opposition. M.D. Pa. L.R. 7.6. However, the local rules are silent with respect to the ability of those filing reply briefs to supplement that brief with exhibits, affidavits or transcripts. See M.D. Pa. L.R. 7.7.

4

no opportunity to respond to these exhibits under the local rules. With respect to Tab P, Reynolds' answers to interrogatories, defendants also argue that this exhibit consists of hearsay evidence and cannot be considered. The court will address defendants' arguments to strike Tabs O, P and Q in turn.

With regard to plaintiff's Appendix Tab O, the email from Knipe to Blackburn, the court will deny defendants' motion to strike. Plaintiff attached this exhibit to rebut defendants' argument that the methadone policy had nothing to do with Reynolds' suspension. Plaintiff further believes that this exhibit demonstrates the BoN and PHMP's interdependence. The court finds that plaintiff attached this exhibit in a good faith attempt to respond to defendants' counter-arguments. Moreover, this exhibit was not produced in violation of discovery rules. Defendants' only argument to strike this exhibit is that the local rules of procedure do not afford them the opportunity to respond.

The court is not persuaded for three reasons. First, defendants responded to Tab O in their briefs in support of the motion to strike. (Doc. 113, Mem. in Supp. Defs.' Mot. to Strike Pl.' App. Tabs. O, P and Q). Second, defendants were afforded an opportunity to respond to Tab O at the oral argument when they were specifically asked about the importance of Tab O. (Doc. 122, N.T. at 17). Third, defendants addressed Tab O in a

post-argument letter they submitted to the court. (Doc. 123, Letter to the Court). Accordingly, the court will not strike Tab O.

The court will similarly decline to strike plaintiff's Appendix Tab Q, the email from defense counsel to plaintiff's counsel. Plaintiff attached this exhibit to alert the court of a credibility issue with Harris. Specifically the parties learned that Harris' professional certification expired in 2003 and that, contrary to her deposition testimony, she had never participated in a doctoral program at Rutgers University. Plaintiff believes this exhibit demonstrates the need for a jury to assess Harris' credibility. Like Tab O, Tab Q appears to be attached in good faith and is not alleged to violate any rule of discovery. Defendants also had the opportunity to respond to this exhibit in their briefs in support of their motions to strike and at the oral argument. Moreover, defendants did not provide plaintiff with this information about Harris until January 8, 2013, mere days before plaintiff submitted her sur-reply brief. Absent a showing that this exhibit sufficiently prejudiced defendants or that it is otherwise inadmissible at trial, striking it is not warranted.

The court will, however, strike plaintiff's Appendix Tab P, Reynolds' answers to the interrogatories. As the court stated above, evidence that would be inadmissible at trial is inadmissible when deciding a motion for summary judgment. See Gonzalez v. Sec'y of Dep't of Homeland Sec.,

6

678 F.3d 254, 262 (3d Cir. 2012). Plaintiff does not dispute that Reynolds' answers to the interrogatories are hearsay and inadmissible at trial. (Doc. 117, Pl.'s Br. in Opp'n to Defs.' Mot. to Strike at 7-8). Plaintiff contends that Tab P is permissible for other purposes, specifically to shed light on defendants' motion to strike. The court is not persuaded by this argument as the exhibit at issue was filed months before the motion to strike.[5] Thus, the court will strike plaintiff's Appendix P because it cannot be presented in a way that would allow it to be admitted at trial.

**B. Dr. Santoro and Mr. Cooper's Declarations**

Defendants assert that the court should strike several paragraphs of Dr. William Santoro and Mr. Glen Cooper's declarations on the basis that these paragraphs contain expert opinions. Defendant argues that plaintiff violated Rule 26 of the Federal Rules of Civil Procedure by not previously identifying Dr. Santoro and Mr. Cooper as expert witnesses, and, as a penalty, she should not be permitted to rely upon their opinions in the instant motions for summary judgment.

The Federal Rules of Civil Procedure provide that "a party must

---

[5] Plaintiff argues in the alternative that the court should consider an additional document in place of Tab P. This document is a February 18, 2008 NDTS treatment note authored by Monique Hightower. (See Doc. 117-1, Ex. A). The court will consider this document; however, it will only be considered to the extent that it reflects Hightower's efforts to contact PHMP.

7

disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). If the witness is "one retained or specially employed to provide expert testimony[,]" the federal rules require that the disclosure of the expert be accompanied by a written expert report. FED. R. CIV. P. 26(a)(2)(B). In the absence of a court order specifying otherwise, parties must make expert disclosures "(i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D). If a party fails to disclose an expert witness as required by Rule 26(a), that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

In response to defendants' expert witness, Dr. Richard F. Limoges, plaintiff attached declarations from Dr. Santoro and Mr. Cooper. Defendants challenge the portion of these declarations in which Dr. Santoro and Mr. Cooper discuss their personal experiences with Reynolds' case and express opinions contrary to those of Dr. Limoges. (Doc. 95-2, App. Tab L, Decl. of Santoro ¶¶ 9-18; Doc. 95-3, App. Tab M, Decl. of

8

Cooper ¶¶ 7-9). The paragraphs at issue contradict Dr. Limoges' opinions regarding Reynolds' fitness to practice nursing in light of her benzodiazepine and methadone dependence. To the extent that the statements in the declaration at issue constitute expert opinions, the court finds that they are rebuttal in nature.

Defendants contend that Dr. Santoro and Mr. Cooper's declarations are not rebuttal because their opinions touch upon plaintiff's prima facie case.[6] The court is not convinced by this argument. Dr. Limoges' report expresses the opinion that Reynolds cannot prevail under the ADA or RA

---

[6] Defendants rely on cases in which courts consider the permissibility of expert testimony. See Collins v. Prudential Inv. & Ret. Servs., 119 F. App'x 371, 379 (3d Cir. 2005) (upholding the preclusion of a treating physician from offering expert opinions when the plaintiff previously represented that the treating physician would not be an expert witness); United States v. 68.94 Acres of Land, More or Less, Situate in Kent Cnty., State of Del., 918 F.2d 389, 396 (3d Cir. 1990) (excluding expert testimony at trial because, at the pre-trial conference, counsel misrepresented the data upon which the expert would rely); Myers v. Pennypack Woods Home Owner Assoc., 559 F.2d 894, 904-05 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985) (permitting expert witnesses that were not disclosed on the pretrial memorandum because the non-disclosure was not in bad faith and because the defendants had the opportunity to request further discovery prior to a bench trial); Frederick v. Hanna, No. 05-514, 2007 WL 853480, at 5-6 (W.D. Pa. Mar. 16, 2007) (prohibiting treating physicians from rendering expert opinions in a relatively simple case when those physicians were not previously disclosed as experts). These cases, however, do not involve the exclusion of expert witnesses used to rebut the opinions of other experts and are not analogous to the instant case.

because she was not qualified to practice nursing.  Thus, in responding to Dr. Limoges' opinion attacking an element of plaintiff's case, Dr. Santoro and Mr. Cooper's statements will necessarily address that same element of the case.

The court did not issue a rebuttal expert report deadline, therefore, under the Federal Rules of Civil Procedure, plaintiff was required to disclose her rebuttal experts within 30 days of defendants' disclosure of Dr. Limoges' report.  See FED. R. CIV. P. 26(a)(2)(D).  Defendant disclosed Dr. Limoges' report on November 1, 2013, 13 days after the court directed defendants to file such expert reports.  (Doc. 81, Order dated Sept. 19, 2012; Doc. 116, Pl.'s Br. in Opp'n to Defs.' Mot. to Strike at 4).  Plaintiff disclosed Mr. Cooper and Dr. Santoro's expert testimony on December 18, 2012, 47 days after the disclosure of Dr. Limoges.  (Doc. 116, Pl.'s Br. in Opp'n to Defs.' Mot. to Strike at 4).

The question before the court is whether plaintiff's 17-day delay in disclosing her rebuttal experts warrants sanctions under Federal Rule of Civil Procedure 37.  The court finds that plaintiff's delay caused defendants no measurable prejudice and that there is no indication that plaintiff acted with bad faith.  Throughout this litigation, plaintiff consistently identified Dr.

Santoro and Mr. Cooper as witnesses she intended to call at trial.[7]
Moreover, defendants have subpoenaed all of Mr. Cooper and Dr. Santoro's records on Reynolds and have had over two years to depose them. The harsh sanction of exclusion is not warranted. As such, the court will deny defendants' motion to strike portions of Dr. Santoro and Mr. Cooper's declarations.

---

[7] Plaintiff listed Dr. Santoro and Mr. Cooper in her initial disclosure, which was served in October 2010. (See Doc. 116-2, Ex. B, Pl.'s Initial Disclosures). Mr. Cooper is identified as testifying on the subject of "plaintiff's methadone maintenance treatment." (Id. at 2). Dr. Santoro is identified as testifying on the subject of "Plaintiff's opioid drug dependence, methadone maintenance treatment, defendants' methadone exclusion policy." (Id. at 4). Plaintiff similarly listed Dr. Santoro and Mr. Cooper in the case management plan. (Doc. 45, Case Management Plan at 6-7).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEVERLY LAMBERSON, as Administratrix, of the Estate of Melinda Lamberson Reynolds, Deceased,** : <br>       **Plaintiff** : <br> : <br>       v. : <br> : <br> **COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF STATE, PENNSYLVANIA BUREAU OF PROFESSIONAL & OCCUPATIONAL AFFAIRS, PENNSYLVANIA DIVISION OF PROFESSIONAL HEALTH MONITORING PROGRAMS, PENNSYLVANIA STATE BOARD OF NURSING, BASIL L. MERENDA, LINDA TANZINI AMBROSO, K. STEPHEN ANDERSON, CHRISTOPHER BARTLETT, RAFAELA COLON, KATHLEEN M. DWYER, JUDY A. HALE, SUZANNE M. HENDRICKS, JOSEPH J. NAPOLITANO, ANN L. O'SULLIVAN, JANET H. SHIELDS and JOANNE L. SORENSEN,** : <br>       **Defendants** : | No. 3:09cv1492 <br><br> (Judge Munley) |

## ORDER

**AND NOW**, to wit, this 5th day of August 2013, it is hereby

**ORDERED** as follows:

    1. Defendants' motion to strike plaintiff's Appendix Tabs O, P and Q

(Doc. 112) is **GRANTED** with respect to Appendix Tab P and **DENIED** in all other respects. The Clerk of Court is directed to **STRIKE** plaintiff's Appendix Tab P (Doc. 105-3); and

2. Defendants' motion to strike paragraphs of the declaration of William Santoro, M.D., and paragraphs of the declaration of Glen Cooper (Doc. 114) is **DENIED**.

                            **BY THE COURT:**

                            s/ James M. Munley
                            **JUDGE JAMES M. MUNLEY**
                            **United States District Court**